**CARPENTER BROTHERS, INC., Plaintiff,**

v.

**DUVAL SALES CORPORATION, Defendant.**

No. 77–C–74.

United States District Court, E. D. Wisconsin.

Nov. 18, 1977.

---

Schwemer & Schwemer by Paul E. Schwemer, Milwaukee, Wis., for plaintiff.

Borgelt, Powell, Peterson & Frauen by Thomas N. Klug, James T. Murray, Jr., Milwaukee, Wis., for defendant.

# 1151

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff has moved for a preliminary injunction as to the defendant's proposed termination of an agency agreement; the proposed termination is asserted in a letter from the defendant to the plaintiff dated August 19, 1977.

After filing a written decision in this case on July 11, 1977, I granted a preliminary injunction in favor of the plaintiff on July 29, 1977. That order enjoined the plaintiff "from treating the Agency Agreement of July 21, 1974, as terminated by defendant's September 27, 1976, notice to plaintiff." The order has been appealed and is currently awaiting oral argument before the court of appeals for the seventh circuit.

Both parties agree that notwithstanding the pending appeal, this court retains jurisdiction to consider the instant motion. The defendant urges, however, that there is no jurisdiction in this court for the reason that the present motion raises matters outside the scope of the pleadings in this case. The current motion does indeed relate to a notice of termination sent to the plaintiff after the commencement of this action. The defendant also contends that even though there are "issues which are common to both claims, including the applicability of Texas law," the instant motion must fail because it relates to a termination notice given by the defendant subsequent to the complaint in the case now before the court.

The complaint obviously made no reference to the August 19, 1977, termination notice; the complaint could scarcely have divined the future. Nevertheless, it is clear that if it is permitted to be operative, the August 19, 1977, notice will effectively negate the preliminary injunction issued by this court on July 29, 1977. I find it necessary in order to preserve the equitable protection deemed essential in the order of July 29, 1977, to enjoin the efficacy of the August 19, 1977, termination notice. If not enjoined, the defendant will have been able to render nugatory my previous injunctive order.

While the express language of the injunction itself is narrowly directed at the Sep-

tember 27, 1976, termination, my written decision dated July 11, 1977, clearly indicated an intention to bar the defendant ". . . from terminating the plaintiff's designation as a consignment vendor for the defendant's products in Minnesota, Wisconsin, and portions of Michigan."

The second notice should be no more impactive, in my opinion, than the first notice. The same considerations now require the issuance of a second preliminary injunction in favor of the plaintiff. As noted above, the instant order is necessary to preserve the integrity of the court's prior order.

Therefore, IT IS ORDERED that the preliminary injunction entered by this court on July 29, 1977, be and hereby is made applicable to the agency termination directed to the plaintiff by the defendant under date of August 19, 1977.