**Alvin JORDAN et al., Plaintiffs,**

v.

**Michael S. WOLKE et al., Defendants.**

**No. 77–C–81.**

United States District Court,
E. D. Wisconsin.

May 18, 1978.

Legal Action of Wisconsin by George R. Edgar, Patricia D. McMahon, Richard M. Klein, Milwaukee, Wis., for plaintiffs.

Robert P. Russell, Corp. Counsel by Gerald G. Pagel, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

In an order dated January 31, 1978, I directed the defendants to prepare and promulgate a written policy statement containing rules, consistent with the terms of that order, governing visitation of and by pretrial detainees at the county jail of Milwaukee County. The defendants have filed a set of proposed rules, and the plaintiffs and the master have submitted their comments on those rules. A copy of the defendants' proposed rules is attached to this decision and order.

## I. CONTACT VISITATION

Paragraph (3) of my January 31, 1978, order directed the defendants to prepare and to implement a program of contact visitation for pretrial detainees confined at the jail. Like the other facets of the visitation program which were addressed in that order, the contact visitation program was supposed to be implemented within 30 days after January 31, 1978.

On February 24, 1978, the defendants filed a notice of appeal of paragraph (3) of the January 31, 1978, order, and the record in this action was subsequently sent to the court of appeals. Absent a stay, the pendency of the appeal does not, in my opinion, deprive this court of jurisdiction to assure preservation of the equitable protections contained in the January 31, 1978, order. *Carpenter Brothers, Inc. v. Duval Sales Corp.*, 440 F.Supp. 1150, 1151 (E.D. Wis.1977).

Some of the defendants' proposed rules appear to apply to contact visitation. However, the defendants' efforts at construction of physical facilities for contact visitation have evidently been limited to "requesting the County Board, through its appropriate committee, for an architectual plan." The plaintiffs urge that this is an insufficient effort at compliance with the court's order, because there assertedly are areas of the jail presently available for contact visitation by a limited number of pretrial detainees. The master, conversely, has suggested that adequate non-contact visitation be implemented first and that contact visitation be implemented subsequently.

My prior order contemplated the prompt establishment of a contact visitation program. It contemplated that the defend-

ants would modify present or proposed plans for construction at the jail to include the facilities necessary for implementation of visitation programs, and the defendants' request for an architectural plan appears to constitute minimal compliance with that direction. I now direct the defendants to report to me in writing, with a copy to opposing counsel, of their progress in implementing paragraph (3) of the prior order. This report should be included in the report which the defendants have already been directed to submit by July 3, 1978. (See January 31, 1978, order, p. 6). It is my expectation that by July 3, 1978, the defendants will have made significant progress toward compliance with the contact visitation facet of my prior order. The report will be expected to disclose at the very least the existence of a completed architectural plan and a specific timetable for either remodeling or new construction, if such work be deemed necessary.

Both the plaintiffs and the master have noted that although the defendants' proposed rules draw no distinction between contact and non-contact visitation, certain rules seem applicable to one, but not both, types of visitation. In this order, I will consider the defendants' proposed rules only as they may apply to non-contact situations. The defendants' report on the implementation of contact visitation to be submitted by July 3, 1978, should also include any rules which the defendants believe necessary, or which were prescribed by my prior order, in conjunction with contact visitation.

## II. THE DEFENDANTS' RULES

The plaintiffs and the master have made a number of comments on certain of the defendants' proposed rules, which I will now consider.

■ *Rule 1*: The plaintiffs contend that the visiting hours set forth in Rule 1 should be increased immediately on the assumption that the rules presently apply only to non-contact visitation. I believe that the visiting hours set forth in Rule 1 should remain in effect for a period of time until experience in their application reveals whether an expansion of hours is warranted. In accordance with the directive contained in my January 31, 1978, order, I will expect that the defendants' written report to be submitted by July 3, 1978, will include a summary of the nature of their experience with the current visitation hours and will suggest any modification of those hours which they believe appropriate.

*Rule 3*: As the plaintiffs note, this rule should provide that pretrial detainees are permitted "at least" two visits per week, each of not less than 30 minutes' duration.

*Rule 4*: I find this rule self-explanatory in its application to non-contact visitation and decline the plaintiffs' invitation to clarify it further at the present time.

■ *Rule 6*: The defendants should make clear the contemplated type of examination of visitors' persons and possessions to be performed. I concur in the opinions of the plaintiffs and the master that there should be no need for anything more intrusive than the use of a metal detector or a "pat-down" examination for visitors in non-contact situations. The rule should also provide that visitors will be informed that they may refuse to be searched but will thereby forfeit the opportunity to visit each time they so refuse.

■ *Rule 7*: The requirement that a visitor be included on a pretrial detainee's "visiting list" is not necessary in non-contact visitation situations, and it should be deleted from the rules.

■ *Rule 8*: This rule prohibits "social visits" for the first seven days after a pretrial detainee's reception at the jail. I agree with the plaintiffs' and the master's suggestions that this rule is entirely inappropriate as applied to non-contact visitation, and it should be deleted from the rules.

■ *Rule 17*: This rule prohibits visits by persons who were themselves pretrial detainees at the jail during a prior six-month period. I agree with the master's position that restriction of visitation opportunities to this group should be made, if at

all, only on an individual basis and not by means of this comprehensive preclusion.

■ *Rule 18*: As applied to non-contact visitation, this rule should be amended to state that pretrial detainees "may," not "will," be subjected to a strip-search following each visit.

*Rules 19 through 22*: I think that the master is correct in noting that the defendants' experience and practices in applying these rules should eventually be reviewed. The defendants are directed to include in their July 3, 1978, report a detailed statement about their enforcement of these rules.

■ *Rule 23*: Both the master and the plaintiffs contend that this rule, dealing with a pretrial detainee's appeal of the denial of a visit, fails to conform in various respects to the provisions of my January 31, 1978, order. I believe that the rule should be recast as follows so as to comply with my order:

*"APPEAL PROCEDURES*

"23. When a visit is denied by a supervisor, the appeal process is as follows:

"a. The denial will be delivered to the pretrial detainee promptly, in writing, and it will contain the names of the pretrial detainee and visitor, the time and date of denial, and a statement of the reasons for denial of the visit. A form specifying how and when to appeal the decision shall be supplied to the pretrial detainee along with the written denial.

"b. An appeal by the pretrial detainee, if made, will be made in writing within twenty-four hours after receipt of the written notice of the denial of a visit. It will be transmitted to the officer in charge who will render a decision and give that decision to the pretrial detainee within seven days of the submission of the appeal. If the pretrial detainee is no longer confined at the jail at the time the decision is to be delivered to him or her, the decision will instead be mailed within the seven day period."

Therefore, IT IS ORDERED that the defendants forthwith modify, in accordance with the directions included in this decision, the visiting rules submitted February 28, 1978, in this action.

IT IS ALSO ORDERED that complete sets of visiting rules, incorporating the modifications set forth in this decision, be posted and distributed as required in paragraph (5) of the January 31, 1978, order entered in this action. Such posting and distribution shall occur not later than June 6, 1978.

IT IS FURTHER ORDERED that the defendants include in their report to be served and filed by July 3, 1978, a report describing their progress in implementing paragraph (3) of the January 31, 1978, order, concerning contact visitation at the jail. This report should also contain any proposed rules directed to contact visitation which the defendants believe should be included in the visiting rules for the jail.

APPENDIX

VISITING

*GENERAL RULES*

1. The Milwaukee County Jail is located at 821 West State Street. Visiting hours are from 2:00 p. m. to 4:00 p. m. and 6:00 p. m. to 8:00 p. m. on Tuesday and Thursday, and from 1:30 p. m. to 3:30 p. m. on Sundays. Visits outside of these assigned hours may be allowed in appropriate circumstances within the discretion of the officer in charge.

2. Family members, both adults and children, and friends may visit.

3. Pre-trial detainees are permitted to have 2 visits per week, each of not less than 30 minutes duration.

4. No more than 4 persons are permitted to visit a pre-trial detainee at one time.

5. New visitors will not be admitted during the final 30 minutes of each visiting period.

6. Visitors must submit to an examination of their persons and possessions.

7. Visitors must present appropriate identification and must be on the pre-trial detainee's visiting list.

8. No social visits will be permitted during an initial 7 day period after reception.

9. All minor visitors must be accompanied by an adult.

10. Visitors are required to sign a visitor's register.

11. Pre-trial detainees retain the right to refuse to see visitors.

12. Visitors found to be in possession of weapons or contraband will not be admitted and may be prosecuted.

13. The Jail accepts no responsibility for personal possessions of visitors.

14. No food or tobacco products will be accepted at any time.

15. Clothing or related personal items will be accepted at the Jail Property Room on weekdays between the hours of 9:00 A.M. and 4:30 P.M.

16. Visitors wishing to leave money for detainees may do so with the Sheriff's Department Cashier on weekdays between the hours of 8:00 A.M. to 5:00 P.M.

17. Visits are denied to persons who were, themselves, pre-trial detainees in the Jail during a previous six month period.

18. Pre-trial detainees will be strip-searched after each visit.

19. Visiting at any particular time or date will be restricted when visiting facilities are at maximum capacity.

*DENIAL AND TERMINATION OF VISITS*

20. Visitors may be denied entrance:
   a. Upon declaration of an emergency situation in the Jail by the officer in charge.
   b. To intoxicated visitors.
   c. For failure to comply with posted rules.
   d. To hostile, obscene, or profane visitors.

   e. To obviously ill or mentally disturbed persons.

21. Visits may be terminated:
   a. Upon declaration of an emergency situation in the Jail by the officer in charge.
   b. When pre-trial detainee or visitor creates any disturbance which would tend to disrupt other visitors.
   c. For violation of posted rules.

22. Pre-trial detainees may be denied a visit:
   a. Upon declaration of an emergency situation in the Jail by the officer in charge.
   b. For violation of posted rules.
   c. Where the health, safety, or welfare of the pre-trial detainee or the security of the Jail are threatened.

*APPEAL PROCEDURES*

23. When a visit is denied by a supervisor the appeal process is as follows:
   a. The denial will be in writing and will contain the names of the pre-trial detainee and visitor, the name and date of denial, and a statement of the reasons for denial of the visit.
   b. An appeal by the pre-trial detainee, if made, will be in writing, within twenty-four hours after the denial of a visit. It will be transmitted to the officer in charge who will render a decision within seven days and give or mail the decision to the pre-trial detainee.

POSTING OF RULES

Rules as set forth above will be posted in all inmate and public areas of the Milwaukee County Jail.

NOTIFICATION

All pre-trial detainees will receive a copy of the visitation rules upon admittance to the Jail.

Printed copies of the Visitation Rules are to be made available to all visitors.